**Shannon M. WILKINS**

v.

**UNITED STATES COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**

**No. CIV.A. 99–2076.**

United States District Court,
W.D. Louisiana.
Lafayette–Opelousas Division.

April 9, 2001.

Stephen A. Stefanski, Edwards Stefanski et al., Crowley, LA, for Shannon M. Wilkins, plaintiffs.

John A Broadwell, U.S. Atty's Office, Shreveport, LA, for U.S. Comm. Social Security Adm., defendants.

PUTNAM, Senior District Judge.

### DECISION ON APPEAL

Before the court is a social security appeal seeking reversal of the Commissioner's decision to offset supplemental security income overpayments to the claimant's spouse against her disability benefits.

## I. FACTS

*Plaintiff is awarded SSI.* Shannon M. Wilkins received notice that she was awarded Supplemental Security Income under Title XVI of the Social Security Act. The notice, dated October 27, 1995, states she will be receiving continuing as well as past due benefits retroactive to July, 1993 through October, 1995. (Administrative Record, p. 23; hereinafter abbreviated "R"). It also states she will only be receiving $1,601.27 even though the amount of retroactive benefits totals $6,757.03. The notice explains the reduced payment as follows:

> Because of your recent entitlement to Supplemental Security Income, you and your spouse are an eligible couple. Your payment amounts must be figured at the couple rate. Since your spouse has been paid at the individual rate during this period, we can pay you only the difference between what your spouse received at the individual rate and what was due you and your spouse at the couple rate.

(R. 23). On October, 16, 1995, she was paid $1,601.27. (R. 17, 52).

*Plaintiff is also awarded disability benefits.* Claimant was also awarded disability benefits under Title II of the Act. The exact date of the award is unclear as the "Notice of Award" is undated. (R. 41). The notice states claimant will receive continuing as well as past due benefits retroactive to July, 1992 through December, 1994. In March, 1996, claimant was paid $3,189.33 in back pay for Title II disability benefits. (R. 17, 51). On March 21, 1996, she filed a Request for Reconsideration seeking payment of the remainder her Title II disability award.

*Plaintiff is notified her disability benefits would be offset by overpayments to her husband.* On August 11, 1996, claimant received notice that her Title II disability benefits would be offset against SSI benefits she received. The relevant paragraph states as follows:

> The evidence of the record shows that you received Supplemental Security Income payments totaling $13,244.77 prior to receiving your retroactive disability benefits. Therefore, as required by law, your disability benefit was reduced by the amount of the Supplemental Security benefits you had received. The total amount of retroactive Social Security benefit was $20,434.10. The Supplemental Security Income payment of $13,244.77 was subtracted leaving $7,189.33. The attorney, fees of $4,000.000, payable to the attorney and an underpayment leaves $3,189.33. The underpayment is correct and in accordance with the Social Security Act upon reconsideration.

(R. 46). On August 20, 1996, she requested a hearing by Administrative Law Judge (ALJ). (R. 48).

*The ALJ ruled in favor of the Commissioner on the offset calculation.* On March 17, 1998, the ALJ conducted a hearing on the offset issue. (R. 14–20). After the hearing, on March 19, 1998, the ALJ requested information from the Lafayette office regarding a possible double offset. (R. 56). The handwritten "Report of Contact" from the Lafayette office explains that the offset resulted from Mr. Wilkins receiving SSI at the individual rate. (R. 55).

On July 30, 1998, the ALJ issued his reasons for decision finding that the offset was properly applied. (R. 6–11). A portion of the decision is reproduced below:

> The Administrative Law Judge accepts the claimant's argument that she never received any supplemental security income benefits in her name prior to receiving her retroactive benefits. To that extent the notice regarding the prior payment is misleading.

Nevertheless, the reduction of retroactive benefits was correct. At the time the claimant applied for and was awarded supplemental security income benefits; she was married to a person receiving supplemental security income benefits. Mr. Wilkins had been receiving benefits as a disabled individual since October 1993. Once the claimant was found to be disabled and eligible for the same benefits, he was no longer treated as an eligible individual with an ineligible spouse. Rather the rules governing the *rate* of benefits payable to an eligible couple applied to his benefits as well as any benefits payable to the claimant.

Based on the rate of benefits for an eligible couple, Mr. Wilkins was overpaid his share. In essence the claimant and her husband had received a portion of the benefits due her in the excess payments to him. It is this overpayment which was offset against the claimant's retroactive benefits.

The claimant does not contend that her husband did not receive the benefits during this period. Nor has she pointed to any provision of the regulations or Social Security act which would prohibit the action taken by the Administration to recover the overpayment.

In conclusion, the Administrative Law Judge finds the claimant has received all retroactive benefits due and owing to her.

(R. 10). The Appeals Council affirmed the decision of the ALJ. (R. 2). Claimant appeals.

## II. LAW AND OPINION

■ Under the Social Security Act, a disabled person may simultaneously apply for Social Security Disability Income (SSDI) under Title II and for Supplemental Security Income (SSI) under Title XVI of the Act. 42 U.S.C. § 423(a)(1), (c)(1), § 1382(a)(1), (c)(1). SSDI eligibility is based on a person's contributions and insured status, while SSI provides minimum income based on need. *Dion v. Secretary of Health and Human Services*, 823 F.2d 669, 670 (1st Cir.1987). A person's SSDI benefits may be considered as income when determining their eligibility for SSI. *Id.*

In 1990, Congress enacted Pub.L. 96–265, § 501, 94 Stat. 469 (1980), codified at 42 U.S.C. § 1320a–6 (1982) to rectify situations where persons were awarded SSI before receiving retroactive SSDI benefits, thereby receiving full benefits for both programs. *Id.* Under the statute, "a retroactive SSDI check would be offset by the amount of SSI that would not have been paid if the SSDI benefit had been paid when they were regularly due." *Dion* at 670. The issue presented in this case is whether the offset provided in § 1320a–6 allows a claimant's Title II benefits to be offset against SSI overpayments to her spouse.

**A. The Commissioner cannot use overpayments to Mr. Wilkins as the basis for applying the SSI offset against Mrs. Wilkins' retroactive SSDI benefits.**

■ The SSI offset provision, 42 U.S.C. § 1320a–6, first states that the offset is applicable in cases where the person receiving SSDI also receives SSI:

in any case where an individual—

(1) is entitled to benefits under subchapter II of this chapter that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due

In the present case, the Commissioner offset overpayments received by Mr. Wilkins

against Mrs. Wilkins' SSDI benefits. The overpayment resulted when Mrs. Wilkins became entitled to SSI. At that point, Mr. Wilkins' SSI benefits became subject to the couples rate rather than the individual rate. 20 C.F.R. §§ 416.410, 416.412.

The Commissioner justifies the offset on grounds that the Social Security Act and regulations treat couples as a single entity, but cites no authority for this proposition. To the contrary, the regulations require that SSI benefits calculated at the couples rate be divided and paid separately to each spouse. 20 C.F.R. § 416.502. Further, the wording of § 1320a–6 is not broad enough to support the Commissioner's interpretation. Section 1320a–6 states that Title II benefits:

> shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under subchapter II of this chapter in the month or months in which they were regularly due.

42 U.S.C. § 1320a–6. The reference to "such individual or spouse" means the offset is applied in cases where the same person receives both SSDI and SSI. Therefore, the Commissioner cannot offset SSI payments received by Mr. Wilkins against Mrs. Wilkins' SSDI benefits.

**B. For purposes of determining the SSI offset, the Commissioner must calculate Mrs. Wilkins' SSI entitlements for the months in which her SSDI benefits were regularly due.**

The proper method of determining the offset under § 1320a–6 requires the Commissioner to calculate what SSI benefits Mrs. Wilkins would have been entitled to had the SSDI benefits been paid in the months they were regularly due. The rec-

ord shows the Commissioner used a dollar for dollar total of past payments to calculate the offset. On remand, the Commissioner is instructed to determine Mrs. Wilkins' SSI benefits for the months in which her retroactive SSDI benefits were regularly due. If it is determined that Mrs. Wilkins' SSI benefits are less than the $1,601.27 she received as SSI, then the difference is the amount that is to be offset against her retroactive SSDI benefits. After applying the offset to the SSDI benefits, the prior SSDI payment of $3,189.33 plus $4,000 for attorney fees is subtracted. The remainder is the amount owed to Mrs. Wilkins. The Commissioner is ordered to pay that amount to Mrs. Wilkins, pay $4,000 to her attorney, and provide a clear, written account of how the offset is calculated.

### III. CONCLUSION

For the reasons given above, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with the opinion set forth herein.

### JUDGMENT

The decision of the Commissioner is REVERSED and REMANDED for further proceedings in accordance with the Decision on Appeal filed herein.

IT IS SO ORDERED.